## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

DANNY PARKER,                          )
                                       )
     Plaintiff,                        )
                                       )
v.                                     )     No. 1:20-cv-00265-SNLJ
                                       )
STODDARD COUNTY                        )
SHERIFF'S DEPARTMENT, et al.,          )
                                       )
     Defendants.                       )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Danny Parker for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2).[1] Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice for failure to state a claim.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1] The Court notes that plaintiff's handwritten motion for leave to proceed in forma pauperis is signed by both himself and a second inmate, Joseph Michael Devon Engel. Since September 9, 2020, Engel has filed over 130 civil actions in the United States District Court for the Eastern District of Missouri, many of which have been dismissed on initial review pursuant to 28 U.S.C. § 1915(e). In the instant motion, plaintiff states that he has an agreement with Engel to give him "25% of [the] lawsuit" for "doing all this legal work."

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In this case, plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information provided by plaintiff, the Court will direct him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the Stoddard County Sheriff's Department and Stoddard County Sheriff Hefner as defendants. (Docket No. 1 at 1).

In his "Statement of Claim," plaintiff asserts that he is a sixty-four year-old military veteran who has a hernia that is "[medically] proven by a doctor." At the time of the events in the

complaint, he was an inmate at the Stoddard County Jail. While there, plaintiff alleges that he was made to sleep on the top bunk, even though he had trouble getting on and off it. According to plaintiff, he "even fell off of the top bunk once." As a result of this, plaintiff seeks a total of $500 million in damages, and "2,000 stocks in top US [companies]."

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated when he was forced to sleep on the top bunk at the Stoddard County Jail. For the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. Stoddard County Sheriff's Department

Plaintiff has named the Stoddard County Sheriff's Department as a defendant. However, the Stoddard County Sheriff's Department is a department or subdivision of local government, and not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Therefore, the claim against the Stoddard County Sheriff's Department must be dismissed.

Even if Stoddard County was substituted as the proper party defendant, plaintiff has still failed to state a claim. A local governing body such as Stoddard County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690

4

(1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff could potentially prove the liability of Stoddard County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not presented any facts supporting the proposition that Stoddard County has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees. With regard to an unconstitutional policy, plaintiff's facts point to no Stoddard County "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as violating his constitutional rights. Instead, plaintiff vaguely mentions being taken to the jail, and then made to sleep on a top bunk, even

6

though he claims to have a hernia. There is no indication that this occurred due to any Stoddard County policy.

As to an unconstitutional custom, plaintiff has failed to establish the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees," much less that Stoddard County officials were deliberately indifferent to or tacitly authorized such misconduct. Rather than a widespread pattern, plaintiff's allegations concern him alone, and do not demonstrate that his treatment was the result of a Stoddard County custom.

Likewise, with regard to a failure to train or supervise, plaintiff has not alleged a "pattern of similar constitutional violations by untrained employees." In lieu of a pattern, plaintiff's allegations, such as they are, concern only him and his contention that he was wrongly placed on a top bunk. Nothing in plaintiff's "Statement of Claim" shows that he was placed on a top bunk due to Stoddard County's failure to train its employees.

For these reasons, even if Stoddard County were substituted as defendant in place of the Stoddard County Sheriff's Department, the claim would still be subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Official Capacity Claim Against Sheriff Hefner

In an official capacity claim against an individual, such as Sheriff Hefner, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.

1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Sheriff Hefner is employed by Stoddard County. As such, the official capacity claim against him is actually a claim against Stoddard County itself. However, as discussed above, plaintiff has failed to state a municipal liability claim against Stoddard County, because his facts do not demonstrate that Stoddard County violated his constitutional rights due to "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *See Mick*, 883 F.3d at 1079. Therefore, the official capacity claim against Sheriff Hefner must be dismissed.

### C. Individual Capacity Claim Against Sheriff Hefner

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has failed to provide any allegations showing a causal connection between an action taken by Sheriff Hefner, and any alleged deprivation of plaintiff's constitutional rights. For example, there are no facts indicating that Sheriff Hefner had any role in placing plaintiff on the top bunk, or was even aware of plaintiff and his purported condition. Indeed, aside from being listed as a defendant, Sheriff Hefner is not mentioned in the "Statement of Claim" whatsoever. Simply naming Sheriff Hefner as a defendant is not enough to assert his responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

To the extent that plaintiff is attempting to assert liability against Sheriff Hefner based on his position of authority, the Court notes that "[t]o state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution." *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020). Here, as previously noted, plaintiff has presented no facts detailing any individual actions taken by Sheriff Hefner. Therefore, for these reasons, plaintiff's individual capacity claim against Sheriff Hefner must be dismissed.

9

### D. Motion to Appoint Counsel

In the body of his complaint, plaintiff seeks the appointment of counsel. The motion will be denied as moot, as this case is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this *19th* day of *February*, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE